UNITED STATES of America, Appellee,

v.

Scott Douglas SMITH, Appellant.

No. 80–1361.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1980.
Decided Oct. 6, 1980.

Robert D. Kingsland, U. S. Atty., St. Louis, Mo., Kathianne Knaup, Frederick R.

Buckles, Asst. U. S. Attys., St. Louis, Mo., for appellee.

Wayne T. Schoenberg, Hannegan, Knight, Kennedy, Schoeneberg & Weber, Inc., St. Charles, Mo., for appellant.

Before HENLEY and McMILLIAN, Circuit Judges, and BECKER,* Senior District Judge.

PER CURIAM.

Appellant Scott Douglas Smith appeals from the district court's [1] judgment pursuant to a jury verdict finding him guilty of attempted extortion affecting interstate commerce under the Hobbs Act.[2] Appellant claims that the evidence was insufficient as a matter of law to establish that an extortion occurred or that interstate commerce was affected. We affirm.

The conviction was based upon a bomb threat made to the Merchants' Association of Plaza Frontenac, a shopping center in St. Louis County, Missouri. Appellant concedes that he sent a letter to the Merchants' Association threatening to detonate explosives in the center unless he was paid $75,000, that he made several telephone calls to the Merchants' Association to arrange for the money to be left at an airport locker, and that he attempted to hire a third party to obtain the key to the locker and pick up the money. The Merchants' Association had, however, contacted the police and, instead of the $75,000 demanded, placed a package containing only $200 and other bulk in the airport locker. The third party employed by appellant to pick up the money was, unknown to appellant, an undercover police agent. Appellant arranged for the undercover agent to remove the package from the locker but did not seek to obtain the package from the agent.

Appellant theorizes that these acts would not be an attempted extortion for two reasons. First, appellant contends that the jury could not find his threats adequate to provoke reasonable fears on the part of the Merchants' Association and to induce an extortionate payment. This contention is meritless because appellant admits to having threatened to detonate explosives in the shopping center. The act speaks for itself. The test is whether the extortionist attempted to arouse fear. *United States v. Frazier*, 560 F.2d 884, 887 (8th Cir. 1977), cert. denied, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (1978).

Second, appellant contends he lacked specific intent to commit the crime because he made no effort to bring the money into his personal possession after it had been picked up on his behalf by the undercover agent. But it is the intent to compel the victim to part with his money that controls. Once appellant compelled the Merchants' Association to place the money in a locker outside the Association's control and thus determined who would possess the money, he had attempted extortion. Appellant therefore attempted to "obtain" the money by threats for purposes of the Hobbs Act when he used threats with intent to force his victim to part with the money. *United States v. Frazier, supra*, 560 F.2d at 887. Appellant does not contend the evidence failed to show that he intended to force the Merchants' Association to place money in an airport locker and relinquish the key. Thus, the evidence on intent supported the jury's verdict.

---

* The Honorable William H. Becker, United States Senior District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

2. 18 U.S.C. § 1951. The Act provides in relevant part:

(a) Whoever in any way or degree . . . affects [interstate] commerce . . . by . . . extortion or attempts . . . so

to do . . . or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

(b) As used in this section—

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear . . . . . .

Finally, appellant argues that the government failed to prove the effect on interstate commerce required for Hobbs Act coverage of extortion because the Merchants' Association placed only $200 in the airport locker, not the $75,000 demanded by appellant. As the Merchants' Association was not itself engaged in interstate commerce, argues appellant, a demand against the association would not be an attempt to affect commerce. But there was evidence from which the jury could conclude that the demand was in fact made to member businesses through the Merchants' Association and that the businesses were engaged in interstate commerce. Extortion of even $200 from businesses in interstate commerce would be covered by the Hobbs Act. *See United States v. French*, 628 F.2d 1069, No. 80–1096 (8th Cir. Aug. 7, 1980). Moreover, appellant was convicted of an attempted extortion and does not dispute that he attempted to induce his victim to part with $75,000; such an attempt to affect interstate commerce is an adequate basis for applying the Hobbs Act. *See United States v. Staszcuk*, 517 F.2d 53 (7th Cir.) (en banc), *cert. denied*, 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975).

The judgment is therefore affirmed.